**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **HUDSON SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 2:20-cv-37** |
| | § | |
| | § | |
| **WIDE OPEN PRODUCTION SERVICES,** | § | |
| **LLC,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR DECLARATORY RELIEF

TO THE HONORABLE COURT:

COMES NOW **HUDSON SPECIALTY INSURANCE COMPANY,** complaining of **WIDE OPEN PRODUCTION SERVICES, LLC**, and would show:

### PARTIES

1.      Plaintiff **HUDSON SPECIALTY INSURANCE COMPANY** (hereafter "**HUDSON**") is a corporation organized under the laws of the State of New York and that maintains its principal place of business in New York, New York.

2.      Defendant **WIDE OPEN PRODUCTION SERVICES, LLC** (hereafter "**WIDE OPEN**") is a limited liability company organized under the laws of Texas and that maintains its principal place of business in College Station, Brazos County, Texas.  Defendant **WIDE OPEN** may be served with summons as follows:

> c/o Mr. Robert T. Chrisman, Registered Agent
> 786 County Road 4905
> Troup, Smith County, Texas 75789

## JURISDICTION

3.      **HUDSON** is a citizen of the State of New York.

4.      **HUDSON** would show that since Defendant **WIDE OPEN PRODUCTION SERVICES, LLC** is organized under the laws of Texas, and since all Members of Defendant **WIDE OPEN** are individuals who are citizens of Texas, Defendant **WIDE OPEN** is a citizen of the State of Texas.

5.      **HUDSON** would show that the controversy between it and Defendant **WIDE OPEN** involves the defense and potential indemnification for a lawsuit pending against **WIDE OPEN** in Zavala County, Texas (hereafter, the "Broussard Lawsuit").[1]  The Broussard Lawsuit seeks monetary relief against the defendants named therein, including **WIDE OPEN,** of over $1,000,000.  As a result, **HUDSON** asserts that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      Since this action involves a controversy between citizens of different States over an amount that exceeds the sum or value of $75,000 (exclusive of interest and costs), **HUDSON** would show that this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332(a)(1).

## VENUE

7.      **HUDSON** would show that the underlying Broussard Lawsuit against **WIDE OPEN** arises out of certain services that **WIDE OPEN** performed at the Howett 11H / 12H and Howett 16H wellsites located in Zavala County, Texas in 2018.

8.      **HUDSON** would show that it received a demand from **WIDE OPEN** to appoint counsel / pay legal fees to defend it against the Broussard Lawsuit pending in Zavala County,

---

[1] No. 18-04-14156-ZCV; *Timson Broussard, et al v. Buffco Production, Inc. and Wide Open Production Services, LLC et al.*; In the 293rd Judicial District Court of Zavala County, Texas.

Texas.  **HUDSON** has paid in the past, and is currently paying, legal fees and expenses being incurred by attorneys to defend **WIDE OPEN** against the Broussard Lawsuit in Zavala County.

9.      **HUDSON** would show that a substantial part of the events giving rise to its claims against Defendant **WIDE OPEN** occurred in Zavala County, Texas – which is located in the Del Rio Division of the Western District of Texas.  **HUDSON** asserts that venue of this action exists in the Del Rio Division of the Western District of Texas pursuant to 28 U.S.C. §1391(b)(2).

## BACKGROUND

10.      **WIDE OPEN** is an oil and gas production contractor whose personnel provide certain services to operators of oil and gas wells in Texas.

11.      In February 2016, **WIDE OPEN** signed a Master Service Agreement with an operator of oil and gas wells called Buffco Production, Inc., whose terms would govern and apply to certain services that **WIDE OPEN** would render to Buffco Production, Inc.

### THE HUDSON POLICY

12.      In February 2017, **HUDSON** bound a policy of Commercial General Liability Insurance under Policy No. WSC17008834 in favor of named insured **WIDE OPEN** for the policy period of February 15, 2017 – February 15, 2018 (hereafter, the "**HUDSON POLICY**").

13.      Subject to its terms, Conditions, and Exclusions, the **HUDSON POLICY** generally states that **HUDSON** agrees to defend, and if necessary, to indemnify, **WIDE OPEN** against certain claims for "bodily injury" that resulted from an "occurrence" during the effective period, up to its stated limit of liability.  However, the **HUDSON POLICY** also contains numerous Exclusions that apply to claims for "bodily injury" asserted against **WIDE OPEN.**

## KEY EXCLUSIONS IN THE HUDSON POLICY

14.     The **HUDSON POLICY** contains, *inter alia*, a Total Pollution Exclusion Endorsement stating that **HUDSON** shall have no duty to defend or to indemnify for claims for bodily injury "which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time".

15.     The **HUDSON POLICY** also contains, *inter alia*, a Toxic Metals Exclusion Endorsement stating that **HUDSON** shall have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any "toxic metals" in any form.

16.     The **HUDSON POLICY** contains, *inter alia*, a Classification Limitation stating that the insurance applies to bodily injury … "arising out of only those operations which are described by the classification or classifications shown on Commercial General Liability Coverage Part form WH-0150, which is part of the policy terms and provisions."

17.     The **HUDSON POLICY**'s Form WH-0150 contains Classification Code 95357 - "OIL OR GAS FIELD PRODUCTION SITE SERVICES LIMITED TO THE PUMPING OR GAUGING OF WELLS", and Classification Code 93333 – "CONTRACTORS EXECUTIVE SUPERINTENDENTS FOR OIL OR GAS PRODUCTION SITE SERVICES LIMITED TO THE PUMPING OR GAUGING OF WELLS".

18.     The **HUDSON POLICY**'s Form WH-0150 also states, however, that the listed services are "EXCLUDING ANY CONSULTING, SUPERVISION, DIRECTION, OVERSIGHT, OR MANAGEMENT OF THIRD-PARTY PERSONNEL AND THEIR ACTIVITIES, SERVICES, WORK PERFORMED OR WORK TO BE PERFORMED

(PRODUCTS & COMPLETED OPERATIONS ARE SUBJECT TO THE GENERAL AGGREGATE LIMIT)".

19.     The **HUDSON POLICY** also contains, *inter alia*, an Exclusion for "Supervision, Oversight Or Management Of Any Job-Site Or Work-Site", stating that there is no coverage under the policy if the insured is engaged or employed to supervise, oversee, or manage operations at a job-site or work-site.  This Exclusion states that it applies regardless of any assumption of liability(ies) by the insured under an oral or written contract or agreement.

### THE BROUSSARD LAWSUIT

20.     In 2019, **WIDE OPEN** was served with a Ninth Amended Petition in the Broussard Lawsuit (the "**PETITION**") that names **WIDE OPEN** as a co-Defendant.  The Broussard Lawsuit's **PETITION** alleges, *inter alia*, that on or about February 8, 2018, Timson Broussard was working for his employer, Wildcat Fluids, at the Howett 11H / 12H and Howett 16H wellsites located in Zavala County, Texas when he allegedly suffered bodily injury.

21.     The **PETITION** alleges, *inter alia*, that Timson Broussard was exposed to hydrogen sulfide gas, mercury vapor gas, and other toxic gases, and suffered various injuries as a result.  The **PETITION** alleges that Timson Broussard's exposure to the gases resulted from acts and/or omissions of **WIDE OPEN** and of other co-defendants named in the **PETITION.**

22.     The **PETITION** states that Timson Broussard seeks monetary relief of over $1,000,000 from **WIDE OPEN** and from other co-defendants named in the **PETITION**

23.     The **PETITION** also alleges that each co-defendant, including **WIDE OPEN,** engaged in acts or omissions that involved an extreme degree of risk of potential harm, of which each had actual awareness, but nevertheless proceeded with conscious indifference to the rights,

safety, or welfare of others.  The **PETITION** alleges that each co-defendant, including **WIDE OPEN,** committed gross negligence, and seeks exemplary damages from each co-defendant.

24.     In September 2019, **WIDE OPEN** sent **HUDSON** notice of the **PETITION** in the Broussard Lawsuit, and demanded that **HUDSON** provide and pay for **WIDE OPEN**'s defense against the Broussard Lawsuit under the **HUDSON POLICY.**

### HUDSON'S TENDER OF DEFENSE AGAINST THE BROUSSARD LAWSUIT

25.     By letter dated September 13, 2019, **HUDSON** notified **WIDE OPEN** that **HUDSON**: a) challenged whether the allegations of Broussard's **PETITION** actually trigger the provisions of the **HUDSON POLICY** that govern **HUDSON**'s duty to defend **WIDE OPEN**; and b) subject to a reservation of its rights, would nonetheless appoint and pay counsel to defend **WIDE OPEN** against Broussard's **PETITION**, until the parties' rights and obligations under the **HUDSON POLICY** could be adjudicated.

26.     **HUDSON** would show that an actual controversy exists between **HUDSON** and **WIDE OPEN** regarding whether the **HUDSON POLICY's** terms and Exclusions obligate **HUDSON** to pay costs to defend **WIDE OPEN** against the Broussard Lawsuit.

27.     In addition, **HUDSON** would show that an actual controversy exists between **HUDSON** and **WIDE OPEN** regarding whether the terms and Exclusions of the **HUDSON POLICY** potentially obligate **HUDSON** to indemnify **WIDE OPEN** against any adverse judgment that may be rendered against **WIDE OPEN** following trial of the Broussard Lawsuit.

### CLAIMS FOR DECLARATORY JUDGMENT

### Claims Pertaining To Defense of Wide Open

28.     Incorporating the foregoing allegations by reference, **HUDSON** requests judgment against **WIDE OPEN** declaring that the Broussard **PETITION**:

- Alleges bodily injury that would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migrations, release or escape of 'pollutants', triggering the Total Pollution Exclusion in the **HUDSON POLICY;**

- Alleges bodily injury arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any "toxic metals" in any form, triggering the Toxic Metals Exclusion Endorsement in the **HUDSON POLICY;**

- Alleges bodily injury arising out of operations by **WIDE OPEN** other than those described by the classifications shown on Commercial General Liability Coverage Part Form WH-0150, or alternatively, operations that constitute an excluded classification as stated on Form WH-0150 in the **HUDSON POLICY;** and/or

- Alleges bodily injury arising out of operations by **WIDE OPEN** when it had been engaged or employed to supervise, oversee, or manage operations at a job-site or work-site where the alleged bodily injury occurred, triggering the Exclusion for Supervision, Oversight Or Management Of Any Job-Site Or Work-Site in the **HUDSON POLICY.**

29.      Based upon one or more of the foregoing, **HUDSON** requests judgment declaring that the **HUDSON POLICY** imposes no duty or obligation upon **HUDSON** to:

- Defend **WIDE OPEN** against the Broussard Lawsuit; nor

- Pay on behalf of **WIDE OPEN**, or reimburse **WIDE OPEN** for, any legal fees or expenses incurred to defend **WIDE OPEN** against the Broussard Lawsuit.

30.      In the alternative, if it is determined that the Broussard **PETITION** does contain allegation(s) against **WIDE OPEN** that falls within the **HUDSON POLICY'**s insuring provisions and outside of its Exclusions, then **HUDSON** seeks judgment declaring that its obligations to pay or reimburse costs to defend **WIDE OPEN** are limited to claims in Broussard's **PETITION** that fall within the scope of the **HUDSON POLICY**'s coverage.

**Claims Pertaining To Indemnification of Wide Open**

31.     In the alternative, should it be determined that Broussard's **PETITION** does contain an allegation(s) against **WIDE OPEN** that falls within the **HUDSON POLICY'**s insuring provisions and outside of its Exclusions, and should an adverse judgment ultimately be rendered against **WIDE OPEN** in the Broussard Lawsuit, then **HUDSON** seeks judgment declaring that its obligation to indemnify **WIDE OPEN** against any such award will be limited to only those damages that fall within the **HUDSON POLICY'**s insuring provisions and outside of its Exclusions.

32.     Should an adverse judgment ultimately be rendered against **WIDE OPEN** in the Broussard Lawsuit, then **HUDSON** would request judgment from this Court declaring whether any such damages awarded to Broussard would constitute:

- Damages that would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migrations, release or escape of 'pollutants', triggering the Total Pollution Exclusion in the **HUDSON POLICY;**

- Damages arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any "toxic metals" in any form, triggering the Toxic Metals Exclusion of the **HUDSON POLICY;**

- Damages arising out of operations by **WIDE OPEN** other than those described by the classifications on Commercial General Liability Coverage Part Form WH-0150, or alternatively, operations that constitute an excluded classification on Form WH-0150 of the **HUDSON POLICY;**

- Damages arising out of operations by **WIDE OPEN** when it had been engaged or employed to supervise, oversee, or manage operations at a job-site or work-site where the alleged bodily injury occurred, triggering the Exclusion for Supervision, Oversight Or Management Of Any Job-Site Or Work-Site in the **HUDSON POLICY;** and/or

- Exemplary damages for gross negligence which trigger the Expected or Intended Injury Exclusion in the **HUDSON POLICY;** or, alternatively, are not indemnifiable as a matter of Texas public policy applicable to indemnity agreements such as the **HUDSON POLICY.**

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 8 of 10**

33.     Should an adverse judgment ultimately be rendered against **WIDE OPEN** in the Broussard Lawsuit, then **HUDSON** would request judgment from this Court declaring whether the **HUDSON POLICY** imposes any duty or obligation upon **HUDSON** to indemnify **WIDE OPEN** against any such Judgment rendered in the Broussard Lawsuit.

### Request For Award Of Hudson's Attorneys' Fees

34.     **HUDSON** asserts that it: a) has retained the undersigned law firm to prosecute this action against Defendant **WIDE OPEN**; b) has paid reasonable fees to that law firm for necessary legal services to file and prosecute this action; and c) will necessarily incur and pay additional fees to that law firm to prosecute this action through trial and judgment.

35.     **HUDSON** requests an award of all attorneys' fees that it will incur to prosecute this action against **WIDE OPEN** through trial and judgment in this Court pursuant to 28 U.S.C. §2209 and/or Tex. Civ. Prac. & Rem. Code §37.009, plus all costs of Court as allowed by law.

36.     **HUDSON** also requests an award of the attorneys' fees that it would, in reasonable probability, incur to defend an appeal of a favorable judgment in this action – should Defendant **WIDE OPEN** file and pursue any such appeal.

### REQUEST FOR JUDGMENT

WHEREFORE, Plaintiff **HUDSON SPECIALTY INSURANCE COMPANY** requests that upon final resolution of this matter, the Court enter judgment:

1.    Declaring that the **HUDSON POLICY** does not obligate **HUDSON** to provide or pay for a defense of **WIDE OPEN** against the Broussard Lawsuit;

2.    Declaring that the **HUDSON POLICY** does not obligate **HUDSON** to pay, or to indemnify against, any damages that may be assessed against **WIDE OPEN** and awarded to Broussard in the Broussard Lawsuit; or

3.    In the alternative, declaring the extent to which the **HUDSON POLICY** may obligate **HUDSON** to pay, or to indemnify against, any damages that may be

assessed against **WIDE OPEN** and awarded to Broussard in the Broussard Lawsuit; and

4.      Awarding **HUDSON** all attorneys' fees, expenses, and costs of Court that it incurs to prosecute its claims against Defendant **WIDE OPEN;** and

5.      Awarding **HUDSON** such other and further relief to which it may be justly entitled.


Respectfully submitted,


By**:_____ //s//  Paul K. Nesbitt_____**
          **PAUL K. NESBITT**
          pnesbitt@ksklawyers.com
          Texas State Bar No. 14920500

          **ATTORNEY-IN-CHARGE FOR PLAINTIFF HUDSON SPECIALTY INSURANCE COMPANY**


**OF COUNSEL:**

**KEN E. KENDRICK**
kkendrick@ksklawyers.com
Texas State Bar No. 11278500
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Boulevard, Suite 200
Houston, Texas  77056
713-595-6000 / 713-595-6001 (fax)